Natu J. Patel, SBN 188618
Daniel H. Ngai, SBN 302297
Kunal Jain, SBN 296642
**THE PATEL LAW FIRM, P.C.**
22952 Mill Creek Drive
Laguna Hills, California 92653
Phone: 949.955.1077
Facsimile: 949.955.1877
NPatel@thePatelLawFirm.com

Attorneys for Plaintiff,
Starbuzz Tobacco, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California Corporation,<br><br>Plaintiff,<br>vs.<br><br>STAR HOOKAH, INC., a California Corporation; STAR HOOKAH LOUNGE, INC., a California Corporation; STAR HOOKAH HOLLYWOOD, INC., a California Corporation; NATHAN MADANI, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. TRADEMARK INFRINGEMENT (UNDER 15 U.S.C. § 1114);<br>2. FALSE DESIGNATION OF ORIGIN (UNDER 15 U.S.C. § 1125);<br>3. CYBERSQUATTING (UNDER 15 U.S.C. § 1125);<br>4. UNFAIR BUSINESS PRACTICES (UNDER CA. BUS. & PROF. CODE § 17200 et seq.);<br>5. COMMON LAW TRADEMARK INFRINGEMENT<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF, Starbuzz Tobacco, Inc. complains and alleges as follows:

## PARTIES

1. Plaintiff, Starbuzz Tobacco, Inc., ("Plaintiff" or "Starbuzz"), is now, and at all times relevant herein was, a corporation organized under the laws of the State of California, with its principal place of business in the City of Garden Grove, California.

**The Defendants.**

2. Starbuzz is informed and believes, and on that basis alleges, that Defendant Star Hookah, Inc. is now, and at all times relevant herein was, a California Corporation, located at 325 Sunnycroft Road, Ben Lomond, California 95005.

3. Starbuzz is informed and believes, and on that basis alleges, that Defendant Star Hookah Lounge, Inc. is now, and all times relevant herein was, a California Corporation with a principal place of business as 6430 Hollywood Blvd., Los Angeles, California 90028.

4. Starbuzz is informed and believes, an on that basis alleges, that Defendant Star Hookah Hollywood, Inc. is now, and all times relevant herein was, a California Corporation with a principal place of business as 6430 Hollywood Blvd., Los Angeles, California 90028.

5. Starbuzz is informed and believes, and on that basis alleges, that Defendant Nathan Madani ("Madani") is, and at all times relevant hereto was, an individual residing in the State of California.

6. Starbuzz is informed and believes, and on that basis alleges, that Madani has been, and continues to be, doing business through Star Hookah, Inc., Star Hookah Lounge, Inc., and Star Hookah Hollywood, Inc. (collectively, the "Star Entities"). Hereinafter, any actions alleged to be conducted by any of the Star Entities are intended to refer to each of the Star Entities individually, and collectively.

7. Starbuzz is informed and believes, and on that basis alleges, that Madani is responsible for controlling and directing the activities of the Star Entities.

8. Starbuzz is further informed and believes, and on that basis alleges, that Madani, through the Star Entities, owns and operates the "Star Hookah Lounge," a hookah lounge located at 6430 Hollywood Blvd., Los Angeles, California 90028 (the "Star Hookah Lounge"). A hookah lounge is a place where consumers gather to smoke various flavored hookah tobacco and tobacco related products.

9. Madani and the Star Entities are collectively referred to herein as "Defendants."

## DOE ALLEGATIONS

10. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff, therefore, sues said defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint when the same shall have been ascertained. Plaintiff is informed and believes, and based thereon alleges that, each DOE defendant was responsible intentionally, or in some other actionable manner, for the events and happenings referred to herein, which proximately caused injury and damage to Plaintiff, as hereinafter alleged.

11. Any reference to "Defendants" shall refer to each named defendant and all DOE defendants, and to each of them.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over this action pursuant to 15 U.S.C. §§ 1117 and 1121, and 28 U.S.C. §§ 1331 and 1338, in that this Complaint raises federal questions under the United States Trademark Act (Lanham Act), 15 U.S.C. § 1051 et seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13. The Court has personal jurisdiction over Defendants because they have purposefully engaged in using trademarks that are confusingly similar to Starbuzz's trademarks in connection with the hookah lounge services, in the state

of California. Since Starbuzz's extensive use and registered trademarks provide constructive notice of Starbuzz's intellectual property rights and Starbuzz's location, Defendants knew or should have known that their activities were directed towards California, and the effect of those activities would be felt in California.

14. The Court also has personal jurisdiction over Defendants because they have engaged in business activities in and directed to California, and have committed tortious acts within the State.

15. The Court also has personal jurisdiction over Defendants because they have purposefully availed themselves of the opportunity to conduct commercial activities in this forum. The Complaint arises out of those commercial activities.

16. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) in that substantial injury occurred and continues to occur in this district, a substantial portion of the events that are the subject of this action took place in this district, and Defendants are doing business within this judicial district.

## AGENCY

17. At all times herein mentioned each Defendant was the agent, servant, joint venturer, partner or employee of the other Defendants, successor corporations, successors in interest, or entities and, in doing the things herein alleged, was acting within the purpose and scope of said agency or employment at the time of the incident. All Defendants were acting within the scope and course

of that agency and employment and with the knowledge and implied and/or express consent and permission of the other Defendants.

**ALTER EGO**

18. Madani is, and at all times relevant hereto was, the owner of the Star Entities. Madani maintains such pervasive authority and control over the Star Entities such that he directs and controls them.

19. There is a unity of interest and ownership between Madani, and each of the Star Entities, such that, separate entities do not exist. Moreover, Madani operates the Star Entities to his own benefit with the specific intent of unfairly competing with Starbuzz.

20. Plaintiff is informed and believes, on that basis alleges, that the identity of Madani, and each of the Star Entities are in substance one and the same, and that the Star Entities are the alter egos of Madani, acting solely as conduits for the performance of Madani, and as a device to cause harm or prejudice to those dealing with them.

21. Plaintiff is informed and believes, and based upon such information and belief alleges, that the Star Entities are undercapitalized, that Madani treated their assets as his own, that Madani failed to keep separate bank accounts for each of the Star Entities, and that Madani comingled his personal funds with each of the Star Entities' funds.

22. Plaintiff is informed and believes, and based upon such information and belief alleges, that Madani also ignores the separate existence of the Star Entities in numerous ways including, but not limited to, the failure to conduct regular meetings of members and the failure to obtain the members' written consent or approval of company actions.

23. If the actions of the Star Entities are considered alone, an inequitable result will follow such that Madani, as the principal who has directed them to injure Plaintiff, will avoid liability.

24. Plaintiff is informed and believes, and based upon such information and belief alleges, that Madani participated in, was aware of, and acquiesced in the fraudulent practices of the Star Entities, and as a tortfeasor, would be jointly and severally liable for such violations.

25. Madani's actions are directly attributable to the Star Entities. Hereinafter, any actions alleged to be conducted by any of the Star Entities are intended to refer to Madani personally and to the each of the Star Entities individually, and/or collectively.

## INTRODUCTION

26. This case is about Defendants' egregious infringement of Starbuzz's intellectual property rights, and other violations of federal and state law. It is egregious because Defendants have intentionally adopted, used, and continue to

use infringing trademarks in order to unfairly compete with Starbuzz and to trade upon Starbuzz's goodwill.

27. Starbuzz advertises, markets, and offers hookah and smoking lounge services, as well as manufactures and distributes hookahs, electronic cigarettes, and other related products worldwide. In connection with these goods and services, Starbuzz has obtained over three hundred fifty (350) federally registered trademarks in the United States and has sought to obtain worldwide intellectual property protection in more than fifty (50) countries.

28. With full knowledge of Starbuzz's expansive trademarks and related reputation for its high-quality products and services, Defendants adopted, advertised, marketed, and offered hookah lounge services under the trade name "Star Hookah," which infringes upon Starbuzz's registered service mark / trademarks.

29. Defendants are aware that their actions are specifically prohibited and are on notice that Starbuzz has not consented to their actions in any way.

30. By this Complaint, Starbuzz seeks to prevent deception, consumer confusion, mistake, annoyance, and loss of customer goodwill, and to protect its intellectual property and reputation from intentional copying and infringement.

## FACTS

**OWNERSHIP OF THE STARBUZZ MARKS.**

31. Starbuzz owns several trademark registrations with the United States Patent and Trademark Office ("USPTO"), including, but not limited to:

| Trademark | Reg. No. | Register | First Use In Commerce |
|---|---|---|---|
| STARBUZZ HOOKAH LOUNGE | 3,830,725 | Principal | September 21, 2008 |
| STARBUZZ | 4,146,752 | Principal | June 18, 2006 |
| STARBUZZ TOBACCO | 3,653,296 | Principal | January 11, 2005 |

True and correct copies of the registration certificates for each of these marks (collectively, the "Starbuzz Marks") are attached collectively hereto as **Exhibit 1.**

32. Starbuzz has been using the Starbuzz Marks extensively in commerce for the past several years in connection with, among other things, providing hookah lounge and smoking lounge services ("Hookah Services"), and the retail and distribution of tobacco, flavored tobacco, and other related products.

33. At all times relevant herein, Starbuzz has been, and still is, the owner of the exclusive rights, title, and interest in the Starbuzz Marks in connection with Hookah Services, and other related goods, and has the full and exclusive rights to

bring suit to enforce its trademark rights, including the right to recover for past infringement.

**STARBUZZ'S CONTINUOUS USE OF ITS MARKS.**

34. Starbuzz manufactures, distributes, imports and offers tobacco and tobacco-related products, and also offers and provides Hookah Services, throughout the United States and internationally. Starbuzz prides itself on its reputation for high-quality goods and services.

35. Starbuzz has been, and continues to be, advertising, marketing, distributing and offering its products and services to thousands of customers and clients under the Starbuzz Marks continuously over the years. The Starbuzz Marks have brought Starbuzz enormous success, and have become synonymous with Starbuzz's reputation for high quality products and services.

36. Starbuzz uses the Starbuzz Marks on advertising brochures, advertising leaflets, on the Internet, and on the packaging of its products. As a result, Starbuzz's intellectual property and brand identity have substantial image recognition.

37. The Starbuzz Marks are important as they serve as easily-recognizable identifiers of the high-quality goods and services that Starbuzz offers. There is a particularly close association among consumers between Starbuzz, the Starbuzz Marks, and the quality of the products and services offered under the Starbuzz

Marks. For consumers and vendors, the Starbuzz Marks are associated with original, flavorful, and smooth smoking tobacco, tobacco alternatives, and related products and services of the highest quality at an affordable price.

**DEFENDANTS' WRONGFUL ACTS**.

Services Offered Under the Infringing Marks

38. Starbuzz is informed and believes, and on that basis alleges, that Defendants market, advertise, and offer hookah lounge services using the term "STAR HOOKAH" and/or "STAR HOOKAH LOUNGE" (collectively, the "Infringing Marks") in direct competition with Starbuzz.

39. Starbuzz is further informed and believes, and on that basis alleges, that Madani owns and operates the website www.starhookahlounge.com in order to advertise, market, and promote the Star Hookah Lounge and sell various hookah related products on the Internet. A true and correct copy of the WHOIS information showing Madani as owner of the domain name starhookahlounge.com (the "Domain Name"), is attached hereto as **Exhibit 2.**

40. Starbuzz is informed and believes, and on that basis alleges, that Defendants registered the Domain Name on April 5, 2011, well after Starbuzz began using the Starbuzz Marks in commerce.

41. Starbuzz is further informed and believes, and on that basis alleges, that Madani incorporated each of the Star Entities, after Starbuzz began use of the

Starbuzz Marks. A true and correct copy of the California Secretary of State Business Name Search showing the incorporation date for each of the Star Entities is attached hereto as **Exhibit 3.**

42. Starbuzz is informed and believes, and on that basis alleges, that Defendants had constructive knowledge of one or more of the Starbuzz Marks prior to registering the Domain Name, or their incorporation by virtue of Starbuzz's existing trademark registrations.

43. Starbuzz is further informed and believes, and on that basis alleges, that Defendants had actual knowledge of one or more of the Starbuzz Marks since at least as early as April 5, 2011, when Defendants started offering Starbuzz tobacco products at the Star Hookah Lounge. A true and correct copy of a Star Hookah Lounge menu, listing several Starbuzz products, is attached hereto as **Exhibit 4.**

44. Starbuzz is informed and believes, and on that basis alleges, that prior to April 5, 2011, Madani further operated a hookah lounge under the name "Hollywood Hookah Lounge." Starbuzz is further informed and believes, and on that basis alleges, that Defendants had actual knowledge of the Starbuzz Marks since prior to April 5, 2011, by virtue of the fact that Madani offered Starbuzz branded tobacco products through the Hollywood Hookah Lounge.

45. Starbuzz is informed and believes and on that basis alleges, that Defendants have intentionally infringed on the Starbuzz Marks by adopting and using the Infringing Marks despite having knowledge of the Starbuzz Marks.

46. Starbuzz is further informed and believes, and on that basis alleges, that Defendants are intentionally infringing the Starbuzz Marks by continuing to offer hookah lounge services and various hookah, tobacco, and tobacco-related products in connection with the Infringing Marks.

**DEFENDANTS' USE OF THE INFRINGING MARKS IS LIKELY TO CAUSE CONSUMER CONFUSION**

47. Starbuzz is informed and believes, and on that basis alleges, that Defendants began using the Infringing Marks only ***after*** Starbuzz began using the Starbuzz Marks in connection with Hookah Services and/or the sale of hookah tobacco and other related goods and services. Therefore, Starbuzz's rights in the Starbuzz Marks have priority over the Defendants' rights in the Infringing Marks.

48. Starbuzz is informed and believes, and on that basis alleges, that the Defendants knew of Starbuzz's prior use of the Starbuzz Marks by virtue of: (1) Starbuzz's registrations; (2) the sale of Starbuzz branded products at the Star Hookah Lounge; and (3) the sale of Starbuzz branded products at the Hollywood Hookah Lounge. Nonetheless, the Defendants adopted and/or continued to use the Infringing Marks to offer hookah lounge services.

49. Starbuzz is informed and believes, and on that basis alleges, that given the similar or related nature of Starbuzz's products and services, and of Defendants' services, and the similarity between the Infringing Marks and the Starbuzz Marks, consumers are likely to be confused as to the source or origin of the services.

50. Starbuzz is further informed and believes, and on that basis alleges, that Defendants intentionally, and in bad faith, adopted and used the Infringing Marks to trade on the fame and goodwill associated with the Starbuzz Marks, to deceive consumers, vendors and third parties, to attract new business in competition to Starbuzz, and to derive an economic benefit therefrom.

51. The Defendants knowingly used and continue to use the Infringing Marks without Starbuzz's consent or authorization.

52. The services that Defendants offer in connection with the Infringing Marks are in the same or related category of goods and services which Starbuzz offers under the Starbuzz Marks. Therefore, Defendants' use of the Infringing Marks is likely to cause consumer confusion.

53. Starbuzz is further informed and believes, and on that basis alleges, that Starbuzz and Defendants have convergent marketing channels since they market their services online, in California, and the United States. Defendants' use of convergent marketing channels increases the likelihood of consumer confusion.

54. Defendants continued use of the Infringing Marks is thus likely to lead consumers to mistakenly conclude that Defendants are somehow affiliated, connected, or associated with Starbuzz when, in fact, they are not. Any dissatisfaction with the Defendants' services is likely to negatively affect Starbuzz's reputation. Consumers are also likely to be misled and confused as to the true source, sponsorship, or affiliation of Defendants' services.

55. Starbuzz never consented, either orally or in writing, to allow Defendants to use a trademark similar to the Starbuzz Marks for any reason. However, Defendants knowingly used and continue to use the Infringing Marks without Starbuzz's consent or authorization.

Defendants' Infringing Trademark Applications

56. Starbuzz is informed and believes, and on that basis alleges, that on January 13, 2015, Star Hookah, Inc. applied for federal registration of the design mark S STAR HOOKAH (Ser. No. 86/502,615), in connection with hookah lounge services. The mark subsequently matured into trademark registration no. 4,807,473 (the "Star Hookah Registration").

57. Starbuzz is informed and believes, and on that basis alleges, that on October 1, 2015, Star Hookah, Inc. further applied for federal registration for the mark STAR HOOKAH (App. Ser. No. 86/775,698) (the "Star Hookah Application") in connection with hookah lounge services.

58. On August 1, 2016, Starbuzz filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") against the Star Hookah Application, alleging priority and likelihood of confusion. A true and correct copy of Starbuzz's Notice of Opposition is attached hereto as **Exhibit 5.**

59. Starbuzz is further informed and believes, and on that basis alleges that the Star Hookah Registration should be cancelled and the Star Hookah Application should be denied in light of the prior Starbuzz Marks.

**FIRST CLAIM FOR RELIEF**
**[Trademark Infringement Under Lanham Act 15 U.S.C. § 1114]**
**(Against All Defendants)**

60. Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 59, inclusive, of this Complaint as if fully set forth herein.

61. Defendants' use of the Infringing Marks to promote, advertise, or offer hookah lounge services constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

62. Defendants have promoted, marketed, and offered hookah lounge services and hookah products under the Infringing Marks, which are confusingly similar to the Starbuzz Marks.

63. Starbuzz is informed and believes, and on that basis alleges, that its use of the Starbuzz Marks in commerce predates Defendants' use of the Infringing Marks in commerce.

64. The Starbuzz Marks are highly distinctive, arbitrary and/or fanciful, and are entitled to strong trademark protection.

65. Starbuzz is informed and believes, and on that basis alleges, that Defendants continue to promote, offer, and market their products under the Infringing Marks, in direct competition with the Hookah Services and products that Starbuzz promotes, offers, and markets under the Starbuzz Marks. Defendants therefore offer the Infringing Marks in connection with, and on, the same, related, or complementary category of services as Starbuzz.

66. Defendants' Infringing Marks are so similar in appearance, pronunciation, meaning, and commercial impression to the Starbuzz Marks that consumers are likely to be confused as to the source of the parties' services.

67. Starbuzz is informed and believes, and on that basis alleges, that Defendants market, advertise and offer their products and services through various channels including, but not limited to, the Internet, social media, and print advertisements. These are the same channels through which Starbuzz advertises, markets, and offers goods and services.

68. Starbuzz is informed and believes, and on that basis alleges, that Defendants intentionally and willfully adopted the Infringing Marks in an effort to deceive or cause confusion with the consuming public.

69. Starbuzz is informed and believes, and on that basis alleges, that Defendants continue to use the Infringing Marks, despite knowledge that they are likely to cause confusion with the Starbuzz Marks.

70. Defendants' attempts to cause confusion, or to cause mistake, or to deceive further indicate an intentional and willful infringement upon the Starbuzz Marks.

71. Defendants' continued use of the Infringing Marks also demonstrates Defendants' intentional and willful infringement of the Starbuzz Marks.

72. Defendants' intentional, continuing, and willful infringement of the Starbuzz Marks has caused, and will continue to cause, damage to Starbuzz, and is causing irreparable harm to Starbuzz for which there is no adequate remedy at law.

73. As a proximate and direct result of the Defendants' acts as herein alleged, Starbuzz has sustained damages in an amount to be proven at trial.

74. Defendants are directly, contributorily, and/or vicariously liable for these actions.

**SECOND CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125**
**(Against All Defendants)**

75. Starbuzz re-alleges and incorporates by reference paragraphs 1 through 74, inclusive, of this Complaint as if fully set forth herein.

76. In connection with the Infringing Marks, Defendants knowingly and willfully used in commerce, words, terms, names, symbols, or devices, or a combination thereof, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association between Defendants and Starbuzz, or are likely to cause confusion, mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' services.

77. Defendants' use of the Infringing Marks constitutes trademark infringement under 15 U.S.C. § 1125(a).

78. Starbuzz is informed and believes, and on that basis alleges, that Starbuzz's use of the Starbuzz Marks in commerce precedes Defendants' use of the Infringing Marks in commerce.

79. Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts were done with knowledge of the Starbuzz Marks, and the knowledge that use of such words, terms, names, symbols, or devices, or a combination thereof, was misleading and/or a false designation of origin.

80. Defendants' intentional and willful infringement of the Starbuzz Marks has caused and will continue to cause damage to Starbuzz, and is causing irreparable harm to Starbuzz for which there is no adequate remedy at law.

81. As a direct and proximate result of Defendants' acts as herein alleged, Starbuzz was damaged in an amount to be proven at trial. Defendants' intentional

and willful infringement of the Starbuzz Marks has caused and will continue to cause damage to Starbuzz, and is causing irreparable harm to Starbuzz for which there is no adequate remedy at law, thus Starbuzz is also entitled to injunctive and equitable relief against Counter-Defendant, under the Lanham Act.

82. Defendants are directly, contributorily, and/or vicariously liable for these actions.

**THIRD CLAIM FOR RELIEF**
**CYBERSQUATTING UNDER 15 U.S.C. § 1125**
**(Against All Defendants)**

83. Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 82, inclusive, of this Complaint as if fully set forth herein.

84. Starbuzz is informed and believes, and on that basis alleges, that Defendants have registered and used the Domain Name in connection with marketing and advertising their hookah lounge services.

85. The Starbuzz Marks are distinctive. Additionally, Starbuzz has priority rights to use the Starbuzz Marks in commerce in connection with hookah lounge services, tobacco and related products. By virtue of such prior use, Defendants have no intellectual property rights in a domain name which is confusingly similar to the Starbuzz Marks.

86. Starbuzz is informed and believes, and on that basis alleges, that Defendants registered the Domain Name after learning about the Starbuzz Marks.

87. Starbuzz is informed and believes, and on that basis alleges, that Madani adopted and registered the corporate names of each of the Star Entities after learning about the Starbuzz Marks.

88. Starbuzz is further informed and believes, and on that basis alleges that Defendants' aforementioned acts were conducted in a bad faith effort to profit from the Starbuzz Marks and the goodwill associated therewith.

89. Defendants' aforesaid acts constitute cybersquatting within the meaning of 15 U.S.C. § 1125(d).

90. Defendants are directly, contributorily and/or vicariously liable for these actions.

**FOURTH CLAIM FOR RELIEF**
**[Unfair Competition – Violation of California Business and Professions Code § 17200 et seq.]**
**(Against All Defendants)**

91. Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 90, inclusive, of this Complaint as if fully set forth herein.

92. Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts constitute actionable wrongs under California Business and Professions Code § 17200 *et seq*. in that Defendants' unlawful, unfair, or fraudulent use of words, terms, names, symbols, or devices, or a combination thereof, which are similar to the Starbuzz Marks, create a probability of confusion

or misunderstanding as to the source, sponsorship, approval, or certification of Starbuzz's and Defendants' hookah lounge services.

93. Starbuzz is informed and believes, and on that basis alleges, that Defendants have offered and continue to market hookah lounge services using words, terms, names, symbols, or devices, or a combination thereof, which are similar to the Starbuzz Marks, in an attempt to unfairly compete with Starbuzz.

94. Starbuzz is further informed and believes, and on that basis alleges, that Defendants have also been attempting to unfairly compete with Starbuzz through the use of deceptive and/or misleading advertising.

95. By reason of the foregoing unlawful acts, Defendants have caused, and continue to cause, substantial and irreparable damage and injury to Starbuzz and to the public. Defendants have benefited from such unlawful conduct, and will continue to carry out such unlawful conduct and to be unjustly enriched thereby, unless enjoined by this Court.

96. As a proximate and direct result of Defendants' acts as herein alleged, Starbuzz has sustained damages in an amount to be proven at trial.

97. Defendants are directly, contributorily and/or vicariously liable for these actions.

**FIFTH CLAIM FOR RELIEF**
**[Common Law Trademark Infringement and Unfair Competition]**
**(Against All Defendants)**

98. Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 97, inclusive, of this Complaint as if fully set forth herein.

99. Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts constitute actionable wrongs under the common law in that Defendants' use of the Infringing Marks constitutes the infringement and violation of Starbuzz's rights in its trademarks.

100. In addition, Defendants' aforesaid acts create a likelihood that Starbuzz's customers, potential customers, and the public generally will be confused or misled as to the source of goods and services because they are likely to believe that Defendants' services are identical to, or affiliated with, those of Starbuzz.

101. By reason of the foregoing unlawful acts, the Defendants have caused, and continue to cause, substantial and irreparable damage and injury to Starbuzz and to the public. Defendants have benefited from such unlawful conduct and will continue to carry out such unlawful conduct and to be unjustly enriched thereby unless enjoined by this Court.

102. As a proximate and direct result of Defendants' acts as herein alleged, Starbuzz has sustained damages in an amount to be proven at trial.

103. Defendants are directly, contributorily and/or vicariously liable for these actions.

**PRAYER FOR RELIEF**

WHEREFORE, Starbuzz respectfully prays for judgment against Defendants as follows:

**ON THE FIRST, SECOND, AND THIRD CLAIMS:**

1. An order that Defendants' use of the Infringing Marks in connection with hookah lounge services in the United States is likely to cause confusion with the Starbuzz Marks.

2. An order finding that Defendants have infringed Starbuzz's intellectual property rights;

3. An order requiring Defendants to account for and disgorge any and all profits received by the use of Starbuzz's intellectual property pursuant to 15 U.S.C. § 1117(a)(1);

4. An award of the attorneys' fees and costs of this action, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1117 and other applicable federal and state law;

5. A preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116, enjoining and prohibiting Defendants and any of their officers, directors,

employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from:

A. Using the Infringing Marks, or any marks confusingly similar to the Starbuzz Marks, in any manner, on or in products, merchandise, or goods, or for purposes of advertising, selling, or soliciting purchases of, products or merchandise;

B. Infringing on Starbuzz's trademarks;

C. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) and (B) above;

6. An order requiring the Defendants and their agents, servants, and employees and all persons acting in concert with or for them to file with this Court and serve on Starbuzz, within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the applicable injunction, pursuant to 15 U.S.C. § 1116;

7. An order requiring Defendants to transfer the Domain Name to Starbuzz pursuant to 15 U.S.C. § 1125(d)(1)(C);

8. An order directing the Director of the USPTO to refuse the Defendants' pending Star Hookah Application (Ser. No. 86/775,698).

9. An order directing the Director of the USPTO to cancel the Star Hookah Registration (Reg. No. 4,807,473).

10. Pre-judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

11. Any other or further relief that the Court deems appropriate, proper, and just.

**ON THE FOURTH AND FIFTH CLAIMS:**

1. An order finding that Defendants have infringed the Starbuzz Marks and unfairly competed with Starbuzz;

2. Judgment for Starbuzz and against Defendants for actual, special, and consequential damages, in an amount to be proven at trial and for costs incurred in the litigation;

3. An order requiring Defendants to destroy, advertising, marketing or other materials that have been manufactured or printed bearing the Infringing Marks;

4. An order requiring Defendants to account for and disgorge all moneys, property, gains, profits, and advantages from the violations of California State, and common law;

5. A preliminary and permanent injunction, enjoining and prohibiting the Defendants and their employees, servants, or agents, and all persons in active concert or participation with any of them from using the Infringing Marks to solicit business for hookah lounge services, tobacco products, or otherwise compete with Starbuzz;

6. Pre-judgment and post-judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

7. Any other or further relief that the Court deems appropriate, proper, and just.

DATED: May 5, 2017

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**

Natu J. Patel
Daniel H. Ngai
Kunal Jain
Attorneys for Plaintiff
Starbuzz Tobacco, Inc.

**DEMAND FOR TRIAL BY JURY**

Plaintiff Starbuzz Tobacco, Inc. hereby demands a trial by jury on all issues triable by jury.

DATED: May 5, 2017

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**

Natu J. Patel
Daniel H. Ngai
Kunal Jain
Attorneys for Plaintiff
Starbuzz Tobacco, Inc.