Nicholas D. Myers (CA State Bar No. 251809)
Timothy A. Schneider (CA State Bar No. 300816)
**THE MYERS LAW GROUP**
4 Executive Circle, Suite 100
Irvine, California 92614
T: (949)825-5590
F: (949)861-6220
E: *litigation@themyerslg.com*

Attorneys for Defendants, STAR HOOKAH, INC., STAR HOOKAH LOUNGE, INC., STAR HOOKAH HOLLYWOOD, INC., STAR HOOKAH OF LOS ANGELES, LLC, and NATHAN MADANI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>STAR HOOKAH, INC., a California corporation; STAR HOOKAH LOUNGE, INC., a California corporation; STAR HOOKAH HOLLYWOOD, INC., a California corporation; STAR HOOKAH OF LOS ANGELES, LLC, a California limited liability company; NATHAN MADANI, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:17-cv-00798-CJC-DFM<br><br>**DEFENDANTS STAR HOOKAH, INC., STAR HOOKAH LOUNGE, INC., STAR HOOKAH HOLLYWOOD, INC., STAR HOOKAH OF LOS ANGELES, LLC, AND NATHAN MADANI'S JOINT ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant STAR HOOKAH, INC., STAR HOOKAH LOUNGE, INC., STAR HOOKAH HOLLYWOOD, INC., STAR HOOKAH OF LOS ANGELES, LLC, and NATHAN MADANI ("DEFENDANTS"), hereby answer the First Amended Complaint (the "FAC") filed by Plaintiff STARBUZZ TOBACCO, INC. ("STARBUZZ"):

## ANSWER

## PARTIES

1. As to the allegations contained in Paragraph 1 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

**The Defendants**

2. As to the allegations contained in Paragraph 2 of the FAC, DEFENDANTS admit that Star Hookah, Inc. is a California corporation with a principal address located at 325 Sunnycroft Road, Ben Lomond, California 95005. As to the remaining allegations contained in Paragraph 2 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

3. As to the allegations contained in Paragraph 3 of the FAC, DEFENDANTS admit that Star Hookah Lounge, Inc. is a California corporation with a principal address located at 6430 Hollywood Boulevard, Los Angeles, California 90028. As to the remaining allegations contained in Paragraph 3 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

4. As to the allegations contained in Paragraph 4 of the FAC, DEFENDANTS admit that Star Hookah Hollywood, Inc. is a California corporation with a principal address located at 6430 Hollywood Boulevard, Los Angeles, California 90028. As to the remaining allegations contained in Paragraph 4 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

5.     As to the allegations contained in Paragraph 5 of the FAC, DEFENDANTS admit that Star Hookah of Los Angeles, LLC is a California limited liability company with a principal address located at 864 North Vermont Avenue, Los Angeles, California 90029. As to the remaining allegations contained in Paragraph 5 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

6.     As to the allegations contained in Paragraph 6 of the FAC, DEFENDANTS admit that Nathan Madani is an individual residing in the State of California.  As to the remaining allegations contained in Paragraph 6 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

7.     As to the allegations contained in Paragraph 7 of the FAC, DEFENDANTS deny the allegations in Paragraph 7.

8.     As to the allegations contained in Paragraph 8 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

9.     As to the allegations contained in Paragraph 9 of the FAC, DEFENDANTS admit that STAR HOOKAH HOLLYWOOD, INC. operates a hookah lounge located at 6430 Hollywood Boulevard, Los Angeles, California 90028.  As to the remaining allegations contained in Paragraph 9 of the Complaint, DEFENDANTS deny the remaining allegations in Paragraph 9.

10.     As to the allegations contained in Paragraph 10 of the FAC, DEFENDANTS deny the allegations in Paragraph 10.

11.     As Paragraph 11 of the FAC does not contain any substantive allegations and purports to define the term "Defendants" for the purposes of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

/ / /

## DOE ALLEGATIONS

12. As to the allegations contained in Paragraph 12 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

13. As to the allegations contained in Paragraph 13 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

## JURISDICTION AND VENUE

14. As to the allegations contained in Paragraph 14 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

15. As to the allegations contained in Paragraph 15 of the FAC, DEFENDANTS deny the allegations in Paragraph 115.

16. As to the allegations contained in Paragraph 16 of the FAC, DEFENDANTS deny the allegations in Paragraph 16.

17. As to the allegations contained in Paragraph 17 of the FAC, DEFENDANTS deny the allegations in Paragraph 17.

18. As to the allegations contained in Paragraph 18 of the FAC, DEFENDANTS deny the allegations in Paragraph 18.

## AGENCY

19. As to the allegations contained in Paragraph 19 of the FAC, DEFENDANTS deny the allegations in Paragraph 19.

## ALTER EGO

20. As to the allegations contained in Paragraph 20 of the FAC, DEFENDANTS deny the allegations in Paragraph 20.

21. As to the allegations contained in Paragraph 21 of the FAC, DEFENDANTS deny the allegations in Paragraph 21.

///

22. As to the allegations contained in Paragraph 22 of the FAC, DEFENDANTS deny the allegations in Paragraph 22.

23. As to the allegations contained in Paragraph 23 of the FAC, DEFENDANTS deny the allegations in Paragraph 23.

24. As to the allegations contained in Paragraph 24 of the FAC, DEFENDANTS deny the allegations in Paragraph 24.

25. As to the allegations contained in Paragraph 25 of the FAC, DEFENDANTS deny the allegations in Paragraph 25.

26. As to the allegations contained in Paragraph 26 of the FAC, DEFENDANTS deny the allegations in Paragraph 26.

27. As to the allegations contained in Paragraph 27 of the FAC, DEFENDANTS deny the allegations in Paragraph 27.

## INTRODUCTION

28. As to the allegations contained in Paragraph 28 of the FAC, DEFENDANTS deny the allegations in Paragraph 28.

29. As to the allegations contained in Paragraph 29 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them

30. As to the allegations contained in Paragraph 30 of the FAC, DEFENDANTS deny the allegations in Paragraph 30.

31. As to the allegations contained in Paragraph 31 of the FAC, DEFENDANTS deny the allegations in Paragraph 31.

32. As to the allegations contained in Paragraph 32 of the FAC, DEFENDANTS deny the allegations in Paragraph 32.

/ / /

/ / /

/ / /

/ / /

## FACTS

### OWNERSHIP OF THE STARBUZZ MARKS.

33. As to the allegations contained in Paragraph 33 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

34. As to the allegations contained in Paragraph 34 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

35. As to the allegations contained in Paragraph 35 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

### STARBUZZ'S CONTINUOUS USE OF ITS MARKS.

36. As to the allegations contained in Paragraph 36 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

37. As to the allegations contained in Paragraph 37 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

38. As to the allegations contained in Paragraph 38 of the FAC, DEFENDANTS deny the allegations in Paragraph 38.

39. As to the allegations contained in Paragraph 39 of the FAC, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

### DEFENDANTS' WRONGFUL ACTS.

### Services Offered Under the Infringing Marks

40. As to the allegations contained in Paragraph 40 of the FAC, DEFENDANTS deny the allegations in Paragraph 40.

///

41. As to the allegations contained in Paragraph 41 of the FAC, DEFENDANTS deny the allegations in Paragraph 41.

42. As to the allegations contained in Paragraph 42 of the FAC, DEFENDANTS deny the allegations in Paragraph 42.

43. As to the allegations contained in Paragraph 43 of the FAC, DEFENDANTS deny the allegations in Paragraph 43.

44. As to the allegations contained in Paragraph 44 of the FAC, DEFENDANTS deny the allegations in Paragraph 44.

45. As to the allegations contained in Paragraph 45 of the FAC, DEFENDANTS deny the allegations in Paragraph 45.

46. As to the allegations contained in Paragraph 46 of the FAC, DEFENDANTS deny the allegations in Paragraph 46.

47. As to the allegations contained in Paragraph 47 of the FAC, DEFENDANTS deny the allegations in Paragraph 47.

48. As to the allegations contained in Paragraph 48 of the FAC, DEFENDANTS deny the allegations in Paragraph 48.

49. As to the allegations contained in Paragraph 49 of the FAC, DEFENDANTS deny the allegations in Paragraph 49.

50. As to the allegations contained in Paragraph 50 of the FAC, DEFENDANTS deny the allegations in Paragraph 50.

51. As to the allegations contained in Paragraph 51 of the FAC, DEFENDANTS deny the allegations in Paragraph 51.

**Inducement of Infringement**

52. As to the allegations contained in Paragraph 52 of the FAC, DEFENDANTS deny the allegations in Paragraph 52.

53. As to the allegations contained in Paragraph 53 of the FAC, DEFENDANTS deny the allegations in Paragraph 53.

/ / /

54. As to the allegations contained in Paragraph 54 of the FAC, DEFENDANTS deny the allegations in Paragraph 54.

55. As to the allegations contained in Paragraph 55 of the FAC, DEFENDANTS deny the allegations in Paragraph 55.

56. As to the allegations contained in Paragraph 56 of the FAC, DEFENDANTS deny the allegations in Paragraph 56.

57. As to the allegations contained in Paragraph 57 of the FAC, DEFENDANTS deny the allegations in Paragraph 57.

58. As to the allegations contained in Paragraph 58 of the FAC, DEFENDANTS deny the allegations in Paragraph 58.

**DEFENDANTS' USE OF THE INFRINGING MARKS ARE LIKELY TO CAUSE CONSUMER CONFUSION**

59. As to the allegations contained in Paragraph 59 of the FAC, DEFENDANTS deny the allegations in Paragraph 59.

60. As to the allegations contained in Paragraph 60 of the FAC, DEFENDANTS deny the allegations in Paragraph 60.

61. As to the allegations contained in Paragraph 61 of the FAC, DEFENDANTS deny the allegations in Paragraph 61.

62. As to the allegations contained in Paragraph 2 of the FAC, DEFENDANTS deny the allegations in Paragraph 62.

63. As to the allegations contained in Paragraph 63 of the FAC, DEFENDANTS deny the allegations in Paragraph 63.

64. As to the allegations contained in Paragraph 64 of the FAC, DEFENDANTS deny the allegations in Paragraph 64.

65. As to the allegations contained in Paragraph 65 of the FAC, DEFENDANTS deny the allegations in Paragraph 65.

66. As to the allegations contained in Paragraph 66 of the FAC, DEFENDANTS deny the allegations in Paragraph 66.

67. As to the allegations contained in Paragraph 67 of the FAC, DEFENDANTS deny the allegations in Paragraph 67.

**Defendants' Infringing Trademark Applications and Registrations**

68. As to the allegations contained in Paragraph 68 of the FAC, DEFENDANTS deny the allegations in Paragraph 68.

69. As to the allegations contained in Paragraph 69 of the FAC, DEFENDANTS admit the allegations in Paragraph 69.

70. As to the allegations contained in Paragraph 70 of the FAC, DEFENDANTS admit the allegations in Paragraph 70.

71. As to the allegations contained in Paragraph 71 of the FAC, DEFENDANTS admit the allegations in Paragraph 71.

72. As to the allegations contained in Paragraph 72 of the FAC, DEFENDANTS admit the allegations in Paragraph 72.

73. As to the allegations contained in Paragraph 73 of the FAC, DEFENDANTS admit the allegations in Paragraph 73.

74. As to the allegations contained in Paragraph 74 of the FAC, DEFENDANTS admit the allegations in Paragraph 74.

75. As to the allegations contained in Paragraph 75 of the FAC, DEFENDANTS admit the allegations in Paragraph 75.

76. As to the allegations contained in Paragraph 76 of the FAC, DEFENDANTS deny the allegations in Paragraph 76.

**FIRST CLAIM FOR RELIEF**

**[Trademark Infringement Under Lanham Act 15 U.S.C. § 1114]**

**(Against All Defendants)**

77. As Paragraph 77 of the FAC does not contain any substantive allegations and purports to refer to and incorporate by reference Paragraphs 1 through 76, inclusive, of the FAC, DEFENDANTS hereby incorporate by reference their responses to Paragraphs 1 through 76 of the FAC, respectively, in response to Paragraph 77.

78. As to the allegations contained in Paragraph 78 of the FAC, DEFENDANTS deny the allegations in Paragraph 78.

79. As to the allegations contained in Paragraph 79 of the FAC, DEFENDANTS deny the allegations in Paragraph 79.

80. As to the allegations contained in Paragraph 80 of the FAC, DEFENDANTS deny the allegations in Paragraph 80.

81. As to the allegations contained in Paragraph 81 of the FAC, DEFENDANTS deny the allegations in Paragraph 81.

82. As to the allegations contained in Paragraph 82 of the FAC, DEFENDANTS deny the allegations in Paragraph 82.

83. As to the allegations contained in Paragraph 83 of the FAC, DEFENDANTS deny the allegations in Paragraph 83.

84. As to the allegations contained in Paragraph 84 of the FAC, DEFENDANTS deny the allegations in Paragraph 84.

85. As to the allegations contained in Paragraph 85 of the FAC, DEFENDANTS deny the allegations in Paragraph 85.

86. As to the allegations contained in Paragraph 86 of the FAC, DEFENDANTS deny the allegations in Paragraph 86.

87. As to the allegations contained in Paragraph 87 of the FAC, DEFENDANTS deny the allegations in Paragraph 87.

88. As to the allegations contained in Paragraph 88 of the FAC, DEFENDANTS deny the allegations in Paragraph 88.

89. As to the allegations contained in Paragraph 89 of the FAC, DEFENDANTS deny the allegations in Paragraph 89.

90. As to the allegations contained in Paragraph 90 of the FAC, DEFENDANTS deny the allegations in Paragraph 90.

91. As to the allegations contained in Paragraph 91 of the FAC, DEFENDANTS deny the allegations in Paragraph 91.

# SECOND CLAIM FOR RELIEF
# DERIVATIVE TRADEMARK INFRINGEMENT – INDUCING INFRINGEMENT
### (Against Defendants Madani and the Star Entities)

92. As Paragraph 92 of the FAC does not contain any substantive allegations and purports to refer to and incorporate by reference Paragraphs 1 through 91, inclusive, of the FAC, DEFENDANTS hereby incorporate by reference their response to Paragraphs 1 through 91 of the FAC, respectively, in response to Paragraph 92.

93. As to the allegations contained in Paragraph 93 of the FAC, DEFENDANTS deny the allegations in Paragraph 93.

94. As to the allegations contained in Paragraph 94 of the FAC, DEFENDANTS deny the allegations in Paragraph 94.

95. As to the allegations contained in Paragraph 95 of the FAC, DEFENDANTS deny the allegations in Paragraph 95.

96. As to the allegations contained in Paragraph 96 of the FAC, DEFENDANTS deny the allegations in Paragraph 96.

97. As to the allegations contained in Paragraph 97 of the FAC, DEFENDANTS deny the allegations in Paragraph 97.

98. As to the allegations contained in Paragraph 98 of the FAC, DEFENDANTS deny the allegations in Paragraph 98.

99. As to the allegations contained in Paragraph 99 of the FAC, DEFENDANTS deny the allegations in Paragraph 99.

100. As to the allegations contained in Paragraph 100 of the FAC, DEFENDANTS deny the allegations in Paragraph 100.

/ / /

/ / /

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125

### (Against Defendants Madani and the Star Entities)

101. As Paragraph 101 of the FAC does not contain any substantive allegations and purports to refer to and incorporate by reference Paragraphs 1 through 100, inclusive, of the FAC, DEFENDANTS hereby incorporate by reference their response to Paragraphs 1 through 100 of the FAC, respectively, in response to Paragraph 101.

102. As to the allegations contained in Paragraph 102 of the FAC, DEFENDANTS deny the allegations in Paragraph 102.

103. As to the allegations contained in Paragraph 103 of the FAC, DEFENDANTS deny the allegations in Paragraph 103.

104. As to the allegations contained in Paragraph 104 of the FAC, DEFENDANTS deny the allegations in Paragraph 104.

105. As to the allegations contained in Paragraph 105 of the FAC, DEFENDANTS deny the allegations in Paragraph 105.

106. As to the allegations contained in Paragraph 106 of the FAC, DEFENDANTS deny the allegations in Paragraph 106.

107. As to the allegations contained in Paragraph 107 of the FAC, DEFENDANTS deny the allegations in Paragraph 107.

108. As to the allegations contained in Paragraph 108 of the FAC, DEFENDANTS deny the allegations in Paragraph 108.

## FOURTH CLAIM FOR RELIEF

## CYBERSQUATTING UNDER 15 U.S.C. § 1125

### (Against All Defendants)

109. As Paragraph 109 of the FAC does not contain any substantive allegations and purports to refer to and incorporate by reference Paragraphs 1 through 108, inclusive, of the FAC, DEFENDANTS hereby incorporate by reference their response to Paragraphs 1 through 108 of the FAC, respectively, in response to Paragraph 109.

110. As to the allegations contained in Paragraph 110 of the FAC, DEFENDANTS deny the allegations in Paragraph 110.

111. As to the allegations contained in Paragraph 111 of the FAC, DEFENDANTS deny the allegations in Paragraph 111.

112. As to the allegations contained in Paragraph 112 of the FAC, DEFENDANTS deny the allegations in Paragraph 112.

113. As to the allegations contained in Paragraph 113 of the FAC, DEFENDANTS deny the allegations in Paragraph 113.

114. As to the allegations contained in Paragraph 114 of the FAC, DEFENDANTS deny the allegations in Paragraph 114.

115. As to the allegations contained in Paragraph 115 of the FAC, DEFENDANTS deny the allegations in Paragraph 115.

116. As to the allegations contained in Paragraph 116 of the FAC, DEFENDANTS deny the allegations in Paragraph 116.

117. As to the allegations contained in Paragraph 117 of the FAC, DEFENDANTS deny the allegations in Paragraph 117.

**FIFTH CLAIM FOR RELIEF**

**[Unfair Competition – Violation of California**

**Business and Professions Code § 17200 et seq.]**

**(Against All Defendants)**

118. As Paragraph 118 of the FAC does not contain any substantive allegations and purports to refer to and incorporate by reference Paragraphs 1 through 117, inclusive, of the FAC, DEFENDANTS hereby incorporate by reference their response to Paragraphs 1 through 117 of the FAC, respectively, in response to Paragraph 118.

119. As to the allegations contained in Paragraph 119 of the FAC, DEFENDANTS deny the allegations in Paragraph 119.

120. As to the allegations contained in Paragraph 120 of the FAC, DEFENDANTS deny the allegations in Paragraph 120.

121. As to the allegations contained in Paragraph 121 of the FAC, DEFENDANTS deny the allegations in Paragraph 121.

122. As to the allegations contained in Paragraph 122 of the FAC, DEFENDANTS deny the allegations in Paragraph 122.

123. As to the allegations contained in Paragraph 123 of the FAC, DEFENDANTS deny the allegations in Paragraph 123.

124. As to the allegations contained in Paragraph 124 of the FAC, DEFENDANTS deny the allegations in Paragraph 124.

## SIXTH CLAIM FOR RELIEF

**[Common Law Trademark Infringement and Unfair Competition]**

**(Against All Defendants)**

125. As Paragraph 125 of the FAC does not contain any substantive allegations and purports to refer to and incorporate by reference Paragraphs 1 through 124, inclusive, of the FAC, DEFENDANTS hereby incorporate by reference their response to Paragraphs 1 through 124 of the FAC, respectively, in response to Paragraph 125.

126. As to the allegations contained in Paragraph 126 of the FAC, DEFENDANTS deny the allegations in Paragraph 126.

127. As to the allegations contained in Paragraph 127 of the FAC, DEFENDANTS deny the allegations in Paragraph 127.

128. As to the allegations contained in Paragraph 128 of the FAC, DEFENDANTS deny the allegations in Paragraph 128.

129. As to the allegations contained in Paragraph 129 of the FAC, DEFENDANTS deny the allegations in Paragraph 129.

130. As to the allegations contained in Paragraph 130 of the FAC, DEFENDANTS deny the allegations in Paragraph 130.

///

///

///

## AFFIRMATIVE DEFENSES

In further answering the Complaint, DEFENDANTS deny all allegations contained within the FAC not specifically admitted to herein and also declare the following affirmative defenses without assuming the burden of proof when such burden would lawfully be on Plaintiff. DEFENDANTS expressly reserve the right to amend their Answer as additional information becomes available and/or is otherwise discovered.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. As a separate and additional defense to the FAC and to each purported cause of action against DEFENDANTS asserted therein, DEFENDANTS allege upon information and belief that Plaintiff's FAC fails to state a claim against DEFENDANTS upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2. As a separate and additional defense to the FAC and to each purported cause of action against DEFENDANTS asserted therein, DEFENDANTS allege upon information and belief that Plaintiff is barred by the doctrine of estoppel because: (a) the Plaintiff permitted DEFENDANTS use of the complained-of trademarks without issue by offering Plaintiff's products in DEFENDANTS' lounges, thereby leading DEFENDANTS to believe that Plaintiff did not have a problem with the use of the complained-of trademarks; (b) DEFENDANTS relied on the failure of Plaintiff to enforce its alleged trademarks; and (c) DEFENDANTS would be prejudiced if Plaintiff was now allowed to proceed with an infringement suit after failing to complain about DEFENDANTS trademarks previously.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3. As a separate and additional defense to the FAC and to each purported cause of action against DEFENDANTS asserted therein, DEFENDANTS allege upon information

and belief that Plaintiff's claims are barred by the applicable statutes of limitations because Plaintiff's claim accrued more than four (4) years prior to Plaintiff's filing of the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. As a separate and additional defense to the FAC and to each purported cause of action against DEFENDANTS asserted therein, DEFENDANTS allege upon information and belief that Plaintiff's claims are barred by the doctrines of unclean hands, bad faith, and/or inequitable conduct because Plaintiff has misrepresented to the Court when it became aware of the conduct alleged in the FAC as well as misrepresenting to the Court the DEFENDANTS' intention in the selection and adoption of the complained-of trademarks.

## FIFTH AFFIRMATIVE DEFENSE
### (Bad Faith)

5. As a separate and additional defense to the FAC and to each purported cause of action against DEFENDANTS asserted therein, DEFENDANTS allege upon information and belief that Plaintiff's claims against DEFENDANTS are not based on good faith, are frivolous, and DEFENDANTS are entitled to receive reasonable expenses and attorney's fees because DEFENDANTS made Plaintiff aware of acts of consent, being that Plaintiff offers/makes available its products in DEFENDANTS lounges, and Plaintiff had a "showcase" event marketing its products at DEFENDANTS lounges, and Plaintiff still decided to bring this action.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

6. As a separate and additional defense to the FAC and to each purported cause of action against DEFENDANTS asserted therein, DEFENDANTS allege upon information and belief that Plaintiff has failed to mitigate and/or attempt to mitigate its damages, if any damages have been and/or will be sustained, and any recovery by Plaintiff must be

diminished or barred by reason thereof because Plaintiff consented to DEFENDANTS use of the complained-of trademarks through numerous acts, including Plaintiff offering/making available its products in DEFENDANTS lounges, and Plaintiff conducting a "showcase" event marketing its products at DEFENDANTS lounges.

## SEVENTH AFFIRMATIVE DEFENSE
### (Abandonment)

7. As a separate and additional defense to the FAC and to each purported cause of action against DEFENDANTS asserted therein, DEFENDANTS allege upon information and belief that Plaintiff has failed to protect, police, and/or control its rights from widespread use, and/or failed to exercise quality control resulting in abandonment of its trademark rights because there is an abundance of third parties offering goods and/or services similar to those complained-of by Plaintiff herein incorporating a similar portion of Plaintiff's alleged trademarks that Plaintiff has complained-of DEFENDANTS (i.e. "STAR" or "BUZZ").

## EIGHTH AFFIRMATIVE DEFENSE
### (Fair Use)

8. As a separate and additional defense to the FAC and to each purported cause of action against DEFENDANTS asserted therein, DEFENDANTS deny any infringement of any valid trademark owned by Plaintiff. Assuming that any of the DEFENDANTS used any valid trademark owned by Plaintiff, such alleged use was fair use because DEFENDANTS only incorporate a portion of Plaintiff's alleged trademarks into the complained-of trademark and DEFENDANTS use of the complained-of trademarks did not have any effect on the potential market for or value of Plaintiff's alleged trademarks.

## NINTH AFFIRMATIVE DEFENSE
### (No Confusion)

9. As a separate and additional defense to the FAC and to each purported cause of action against DEFENDANTS asserted therein, DEFENDANTS allege upon information and belief that there is no likelihood of confusion between DEFENDANTS' trademarks

and Plaintiff's alleged trademarks sufficient to obtain relief.

## TENTH AFFIRMATIVE DEFENSE

### (Right to Add Additional Defenses)

10. DEFENDANTS presently have insufficient knowledge or information on which to form a belief as to whether they have additional, as yet unstated, affirmative defenses available. DEFENDANTS reserve the right to assert additional affirmative defenses in the event discovery indicates that such additional affirmative defenses would be appropriate.

## **PRAYER**

Wherefore, DEFENDANTS request that Plaintiff takes nothing by reason of their FAC and that the Court award DEFENDANTS their costs of suit, reasonable attorneys' fees, and such other and further relief as the Court deems just.

Dated: December 12, 2017

**THE MYERS LAW GROUP**
/s/Timothy A. Schneider
Nicholas D. Myers
Timothy A. Schneider
Attorneys for Defendants STAR HOOKAH, INC., STAR HOOKAH LOUNGE, INC., STAR HOOKAH HOLLYWOOD, INC., STAR HOOKAH OF LOS ANGELES, LLC, and NATHAN MADANI

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: December 12, 2017

**THE MYERS LAW GROUP**
/s/Timothy A. Schneider
Nicholas D. Myers
Timothy A. Schneider
Attorneys for Defendants STAR HOOKAH, INC., STAR HOOKAH LOUNGE, INC., STAR HOOKAH HOLLYWOOD, INC., STAR HOOKAH OF LOS ANGELES, LLC, and NATHAN MADANI

## DECLARATION OF ELECTRONIC SERVICE
**Central District of California Case No. 8:17-cv-00798-CJC-DFM**

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 12, 2017, at Irvine, California.

By: /s/ Timothy A. Schneider
Timothy A. Schneider